UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HALL & ASSOCIATES<br>1620 I St., N.W.<br>Suite 701<br>Washington, D.C. 20006,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY<br>1200 Pennsylvania Avenue, N.W. (2822T)<br>Washington, D.C. 20460,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### Preliminary Statement

1.    Through this action, brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, *et seq*., as amended, Plaintiff, Hall & Associates ("H&A"), appeals the Defendant's, the United States Environmental Protection Agency ("EPA" or "Agency"), (1) decision to withhold records, in whole or in part, in responding to H&A's FOIA Request EPA-HQ-2015-001494; and (2) improper use of the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5), to withhold responsive documents, or portions thereof, under FOIA.

2.    On November 13, 2014, H&A submitted the Request to EPA Headquarters seeking records associated with two public meetings where agency officials discussed, *inter alia*, the precedential scope of the *Iowa League of Cities v. EPA*, 711 F.3d 844 (8th Cir. 2013), ("*ILOC*") decision. Exhibit 1 ("The Request"). Specifically, the Request was designed to acquire

1

records confirming EPA's statements limiting the *ILOC* ruling to the states within the Eighth

Circuit and to obtain the documented basis for the agency's statements.  In response, EPA

provided four heavily-redacted documents and a list of five additional documents or categories

of documents, which it had withheld in their entirety pursuant to 5 U.S.C. § 552(b)(5). This

lawsuit generally challenges the lawfulness of EPA's decision to withhold these documents

and/or the heavily-redacted portions thereof.

3.      H&A's FOIA Request sought the record basis for EPA's decision to only apply

the *ILOC* decision in the Eighth Circuit and how this decision will be applied to the regulatory

community. Moreover, given that these documents contain the "working law" of the Agency and

internal directives to the Regional offices, and H&A's Request was submitted to unearth whether

the Agency was acting lawfully, there is a substantial public interest in the documents.

4.      The D.C. Circuit has repeatedly affirmed that "an agency is not permitted to

develop 'a body of secret law,' used by it in the discharge of its regulatory duties and in its

dealings with the public, but hidden behind a veil of privilege because it is not designated as

'formal,' 'binding,' or 'final.'"[1] As senior officials have announced the Agency's positions,

based upon the documents requested, these are, in fact, the working law of the Agency and must

be disclosed.

5.      EPA has failed to adequately produce records that support or otherwise explain its

decision to limit the *ILOC* decision to the Eighth Circuit. Additionally, EPA has improperly

withheld documents, or segregable portions thereof, that contain factual information responsive

to the Request and are, therefore, required to be released under FOIA.[2]  Moreover, the mere fact

---

[1] *Elec. Frontier Found. v. United States DOJ*, 739 F.3d 1, 7 (D.C. Cir. 2014) (quoting *Schlefer v. United States*, 702 F.2d 233, 244 (D.C. Cir. 1983)) (some internal punctuation omitted); *see also Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980).
[2] *Tax Analysts v. IRS*, 117 F.3d 607, 618 (D.C. Cir. 1997).

attorneys were included in, or authored, the responsive documents does not automatically exempt the documents from production. The Agency's failure to produce documents stems from the unlawful reliance on both deliberative process and attorney-client privileges.

6.  As President Johnson said when he signed FOIA into law in 1966, "[t]his legislation springs from one of our most essential principles: a democracy works best when the people have all the information that the security of the nation will permit."[3] Congress enacted FOIA to promote transparency across the government. *See* 5 U.S.C. § 552; *Quick v. U.S. Dep't of Commerce, Nat'l Inst. of Standards & Tech.,* 775 F. Supp. 2d 174, 179 (D.D.C. 2011) (citing *Stern v. FBI,* 737 F.2d 84, 88 (D.C. Cir. 1984). The Supreme Court has explained that FOIA is "a means for citizens to know 'what their Government is up to.' This phrase should not be dismissed as a convenient formalism. It defines a structural necessity in a real democracy." *Nat'l Archives & Records Admin. v. Favish,* 541 U.S. 157, 171-72 (2004).

7.  EPA's refusal to produce responsive records is also inconsistent with Executive Office Policy on FOIA compliance issued by Barack Obama on January 21, 2009. The Executive Memorandum states:

> The Freedom of Information Act should be administered with a clear presumption: In the face of doubt, openness prevails. The Government should not keep information confidential merely because public officials might be embarrassed by disclosure, because errors and failures might be revealed, or because of speculative or abstract fears. All agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA, and to usher in a new era of open Government. The presumption of disclosure should be applied to all decisions involving FOIA.[4]

---

[3] President Lyndon Johnson's Statement upon Signing the FOIA (Press Release, Office of the White House Press Secretary, "Statement by the President upon Signing S.1160", dated July 4, 1966, available at http://nsarchive.gwu.edu/NSAEBB/NSAEBB194/Document%2031.pdf.
[4] Freedom of Information Act, 74 Fed. Reg. 4683 (Jan. 21, 2009).

### Jurisdiction

8.　　This Court has both subject matter jurisdiction over this action and personal jurisdiction over the Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

### Venue

9.　　Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

### Parties

10.　　Plaintiff, H&A, is a Professional Limited Liability Company organized under the laws of the District of Columbia. H&A's primary purpose is to serve as a regulatory consultant and/or special counsel to municipal and private entities regarding environmental matters. Specifically, the firm has addressed wastewater regulatory issues in every EPA Region, over 40 states, and at EPA Headquarters in Washington, D.C.

11.　　Defendant, EPA, is an agency of the federal government of the United States, within the meaning of 5 U.S.C. § 552(e), and is located in Washington, D.C. EPA is in possession and/or control of the records requested by H&A which are the subject of this action.

### Factual Allegations

#### A.　　*Background of FOIA Request*

12.　　On March 25, 2013, the Court of Appeals for the Eighth Circuit issued a decision in *Iowa League of Cities v. EPA*, 711 F.3d 844 (8th Cir. 2013), vacating two unlawfully revised legislative rules: (1) the mixing zone rule contained in an EPA June 2011 letter and (2) the blending rule contained in an EPA September 2011 letter. The court held that the bacteria mixing zone prohibition for primary contact recreation waters "eviscerate[d] state discretion" to utilize such mixing zones and, therefore, constituted a revised rule that did not go through proper rulemaking procedures. *Id.* at 874.

4

13.     The Court of Appeals for the Eighth Circuit found EPA's blending prohibition was both procedurally and substantively improper as it was "irreconcilable with both the secondary treatment rule and the bypass rule" (*id*. at 875) and "exceeds EPA's statutory authority" under the Clean Water Act ("CWA"). *Id*. at 877.

14.     Following the *ILOC* decision, EPA petitioned the Eighth Circuit for rehearing *en banc*, which was denied July 10, 2013.  EPA subsequently declined to seek Supreme Court review of the decision.

15.     Rather than appeal the decision, EPA determined that the decision would only apply within the Eighth Circuit.

16.     EPA subsequently prepared a strategy to continue to apply the vacated rule amendments outside of the Eighth Circuit for future permitting matters.

17.     EPA disseminated instructions to its Regional Offices and state permitting authorities to implement the decision that the *ILOC* decision is only binding in the Eighth Circuit.

18.     On September 17, 2013, EPA drafted a document entitled "EPA's regulatory approach following the Eighth Circuit's *ILOC* decision."

19.     On October 29, 2013, EPA drafted a document entitled "Iowa League of Cities: Next Steps."

20.     On November 5, 2013, a memorandum entitled "Applicability of Iowa League decision to EPA permitting determinations," was drafted and distributed by EPA headquarters to all of the Regional Water Permit Division Directors.

21.     On November 13, 2013, at the annual EPA Region VII 4-State Governmental Affairs Meeting, EPA Headquarters informed the regulated community, state permitting

agencies, and EPA personnel of the Agency's intention to limit the ILOC ruling to the states within the Eighth Circuit.

22.     On November 20, 2013, Nancy Stoner, Acting Assistant Administrator of the EPA's Office of Water, announced at NACWA's 2013 National Clean Water Law Seminar in San Antonio, Texas that the *ILOC* decision was not binding outside of the Eighth Circuit and that the Agency would continue to apply the vacated provisions on a "case-by-case" basis elsewhere.

23.     Throughout the month of November 2013, EPA attorneys, Steven Neugeboren and James Vinch, were acting in concert with program office staff to decide how the blending rule amendment, judicially overturned within the *ILOC* decision, could continue to be applied nationwide.

24.     EPA Headquarters met with EPA Region 7, the States within Region 7, and representatives from the regulatory community to discuss the implementation of the *ILOC* decision.

25.     The National Water Policy Forum & Fly-In, in Washington, DC, was jointly hosted on April 9, 2014, by the National Association of Clean Water Administrators (NACWA), the Water Environment Federation (WEF), and the Water Environment Research Foundation (WERF).  Both Nancy Stoner and Mark Pollins reiterated EPA's position that *ILOC* is not binding on EPA outside of the Eighth Circuit and that EPA would continue to apply the disputed rule interpretations outside of that area.

26.     EPA has continued to implement the rule mandates vacated by the *ILOC* decision in state and federal permit and enforcement actions across the country, with the exception of the states within the Eighth Circuit.

**B.** **_Procedural Background of FOIA Request_**

27.     On November 13, 2014, H&A submitted the Request EPA-HQ-2015-001494 to

EPA Headquarters. Exhibit 1 ("The Request").  That Request sought records associated with the

two public meetings referenced above.

28.     By letter dated December 3, 2014, EPA provided H&A with notification that its

estimated costs for search and review would exceed two hundred and fifty dollars ($250.00).

The Agency requested a price assurance and an extension of time, and asked H&A if it was

willing to narrow the scope of its request.  Exhibit 2.

29.     Via email, H&A discussed the appropriateness of narrowing the scope of the

Request with EPA, eventually providing a price assurance of five hundred and twenty five

dollars ($525.00), and agreeing to limit the scope of the Request to records dealing with "EPA's

position on the national applicability of the Eight Circuit decision in _Iowa League of Cities v._

_EPA_, 711 F.3d 844 (8th Cir. 2013)." Exhibit 3.

30.     The Request, as narrowed, sought the following records located at EPA

Headquarters which dealt with EPA's position on the national applicability of the _Iowa League_

_of Cities_ case:

> a.  Any EPA records which discuss whether or not Ms. Stoner's November
>     2013 statement was accurately reported in the trade press;
>
> b.  Any talking points and/or other materials prepared for Ms. Stoner and/or
>     Mr. Pollins in advance of their presentations at either of the above-
>     referenced events or used by them at the events;
>
> c.  Any presentation materials EPA distributed as part of the aforementioned
>     presentations;
>
> d.  Any records that either Ms. Stoner or Mr. Pollins created as part of their
>     respective presentations; and

7

    e.   Any records that either Ms. Stoner or Mr. Pollins created in preparation for their respective presentations.

*See* Exhibits 1 & 3.  That is, the Request sought records that were either used by senior Agency officials in announcing the Agency's position to the public, or were purely factual in nature. *Id.*

    31.    On January 22, 2015, the Agency provided its response letter ("Response" or "Denial"), granting in part and denying in part the Request. Exhibit 4.  EPA provided four partially-redacted documents, Exhibit 5, and a list of five documents, which it withheld in their entirety ("the List"). Exhibit 6.

    32.    The FOIA Response included four partially-redacted documents. Exhibit 5. These documents are:

    a.   A notification dated November 15, 2013 for a meeting organized by Nancy Stoner regarding "Iowa League of Cities" and six pages redacted in their entirety;

    b.   A redacted email chain between Steven Neugeboren and Nancy Stoner (among others) from November 17-18, 2013, which discuss the Agency's meeting with "region 7 states and municipal reps" in Kansas City, Missouri to discuss EPA's position on the *ILOC* case.

    c.   An email between Kevin Weiss, Deborah Nagle, and Connie Bosma with the attachment of Nancy Stoner's talking points discussed with Region VII about the precedence of the Eighth Circuit's decision on blending.  EPA withheld this attachment through assertion of attorney-client and deliberative process privilege.

    d.   Redacted emails between James Vinch, Carol King, and Joseph Theis from November 26, 2013, sent in reaction to a public news article covering EPA's announcement of its position regarding *ILOC*.

    33.    By letter dated February 20, 2015, H&A appealed EPA's January 22, 2015 partial denial.  Ex. 7 ("The Appeal").  Specifically, H&A challenged the Agency's (1) excessive application of deliberative process privilege, and (2) excessive application of attorney-client privilege. Exhibit 7.

34.     On April 27, 2015, EPA's FOIA Appeals Office granted in part and denied in part H&A's Appeal. Exhibit 8.  The determination stated that EPA was justified in withholding the documents under attorney-client and/or deliberative process privilege. However, the determination ordered EPA to provide H&A with the segregable non-privileged content of the withheld documents.

35.     On May 7, 2015, the Agency's subsequent processing of the Request provided H&A with the same documents, but with slightly less redacted content. Exhibit 9.  EPA continued to withhold two documents in their entirety. *Id.*

### Count I:  Violation of the Freedom of Information Act

36.     Paragraphs 1 through 35 are hereby incorporated by reference.

37.     EPA has clearly rendered a final decision regarding the national applicability of the *ILOC* decision, as repeatedly announced by top officials from EPA Office of Water and Enforcement. H&A's Request sought the decision documents themselves, and the bases of this decision. The regulated community has the right to know the Agency's working law. As the list of withheld documents makes clear, EPA has prepared several detailed assessments of the Agency's decision to limit the *ILOC* decision. These basic documents should be released for the public to review.

38.     EPA's failure to provide a legitimate basis and rationale for withholding responsive documents, or segregable portions thereof, is in violation of FOIA. *See* 5 U.S.C. § 552(a)(4)(B).

39.     EPA's failure to fully and completely respond to H&A's FOIA Request violates the express provision of FOIA. *See* 5 U.S.C. § 552(a)(3).

9

40.     EPA's use of the deliberative privilege exemption, including attorney-client privilege, was improper under FOIA. *See* 5 U.S.C. § 552(b)(5).

### **Relief Request**

WHEREFORE, Plaintiff, H&A, prays that this Court:

1. Maintain jurisdiction over this action until EPA is in compliance with FOIA, and every order of this Court;

2. Find EPA in violation for refusing to release the responsive documents, or portions thereof, in the Agency's possession;

3. Enjoin EPA from excessive exertion of deliberative process privilege and attorney-client privilege on the withheld documents.

4. Award reasonable costs and attorney's fees to H&A provided in 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d); and

5. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

Philip Rosenman
Hall & Associates
1620 I Street, N.W., Suite 701
Washington, D.C.  20006
Phone:  202.463.1166
Fax:  202.463.4207